**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CONSTANCE ELAINE CORREA,**

   **Plaintiff,**

**v.**               **Case No:  6:16-cv-90-Orl-31DCI**

**COMMISSIONER OF SOCIAL
SECURITY,**

   **Defendant.**

---

**REPORT AND RECOMMENDATION**

Constance Elaine Correa (the Claimant), appeals to the District Court from a final decision of the Commissioner of Social Security (the Commissioner) partially denying her applications for disability benefits.  Doc. 1; R. 138-39, 690-701.  Claimant argues that the Administrative Law Judge (the ALJ) erred by: 1) failing to apply the correct legal standards to Dr. Luis Raimondo's opinion; and 2) failing to apply the correct legal standards to multiple opinions concerning her ability to complete a normal workday and workweek.  Doc. 17 at 8-11.  Claimant argues that the matter should be reversed and remanded for an award of benefits.  *Id*. at 11-12.  For the reasons set forth below, it is **RECOMMENDED** that the Commissioner's final decision be **REVERSED** and **REMANDED** for further proceedings.

I. **PROCEDURAL HISTORY**.

On April 8, 2010, Claimant filed an application for disability insurance benefits (DIB), alleging a disability onset date of September 4, 2009.  R. 138-39.  On February 14, 2012, the ALJ entered a decision finding Claimant was not disabled through the date of the decision.  R. 10-19.

The Appeals Council subsequently denied Claimant's request for review, thus the ALJ's decision became the Commissioner's final decision.  R. 1-3.

On December 17, 2013, Claimant appealed the Commissioner's final decision to this Court. On appeal, Claimant argued that the ALJ erred by: 1) failing to apply the correct legal standards to Dr. Luis Raimondo's November 2010 and January 2012 opinions; and 2) failing to apply the correct legal standards to multiple opinions concerning her ability to complete a normal workday and workweek.  R. 596.  On September 24, 2014, Magistrate Judge David A. Baker entered a report finding that the ALJ erred in considering Dr. Raimondo's opinions, and recommended that the case be reversed and remanded for "additional consideration of the opinion and other evidence."  R. 597-601.[1]  On October 14, 2014, the Court entered an order adopting the report, and reversed and remanded the case for further proceedings.  R. 602.

On December 12, 2013, immediately prior to the first appeal, Claimant filed applications for DIB and supplemental security income (SSI), alleging the same disability onset date as before, September 4, 2009.  R. 690-701.  On January 6, 2015, the Appeals Council, in light of the Court's order remanding the case, entered an order vacating its final decision, consolidating Claimant's claims for DIB and SSI, and remanded the case to the ALJ for further proceedings consistent with the Court's order remanding the case.  R. 605.

On November 20, 2015, the ALJ entered a decision finding Claimant was not disabled between her alleged onset date, September 4, 2009, and December 31, 2011.  R. 501.  The ALJ, however, found Claimant became disabled on January 1, 2012.  *Id*.  The ALJ's decision is the Commissioner's final decision.  On January 20, 2016, Claimant filed this appeal, challenging the

---

[1] In light of Judge Baker's recommendation regarding Claimant's first assignment of error, Judge Baker found that it was unnecessary to address Claimant's second argument because the ALJ would be required to reconsider all of the opinion evidence on remand.  R. 601.

Commissioner's decision that she was not disabled between her alleged onset date, September 4, 2009, and December 31, 2011.  Doc. 1.

## II.   <u>STANDARD OF REVIEW.</u>

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).  Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.  *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Foote*, 67 F.3d at 1560.  The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'"  *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## III.   <u>ANALYSIS.</u>

This appeal centers on the ALJ's consideration of Drs. Raimondo's and Theodore Weber's opinions.  Doc. 17 at 8-11.  At step four, the ALJ assesses the claimant's residual functional capacity (RFC) and ability to perform past relevant work.  *Phillips*, 357 F.3d at 1238.  "The residual functional capacity is an assessment, based upon all of the relevant evidence, of a

claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The ALJ is responsible for determining the claimant's RFC. 20 C.F.R. §§ 404.1546(c); 416.946(c). The ALJ must consider all relevant evidence, including, but not limited to, the medical opinions of treating, examining and non-examining medical sources. 20 C.F.R. §§ 404.1545(a)(1), (3); 416.945(a)(1), (3). The weighing of treating, examining, and non-examining physician's opinions is an integral part of steps four and five of the sequential evaluation process. The ALJ must state with particularity the weight he or she assigns each medical opinion and articulate the reasons in support therefor. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011).

**A.  Dr. Raimondo.**

Claimant argues the ALJ erred by failing to account for Dr. Raimondo's opinion that she is unable to complete a normal workday and workweek. Doc. 17 at 9-11.[2] The Commissioner essentially argues the ALJ properly considered and accounted for Dr. Raimondo's opinion. Doc. 18 at 9-10.

On November 1, 2010, Dr. Raimondo, Claimant's treating psychiatrist, completed a Mental Status Report, which contained a series of questions for Dr. Raimondo to answer. R. 410-12. Dr. Raimondo opined that Claimant suffered from major depressive disorder, generalized anxiety disorder, and posttraumatic stress disorder. R. 411. The Mental Status Report asked the following relevant question:

> Is this individual capable of sustaining work activity for eight hours a day, five days a week? If not, explain why using examples of behavioral objective data.

---

[2] A normal workday and workweek generally connotes an 8 hour workday, and a 5 day workweek. SSR 96-8p, 1996 WL 374184, at *2 (July 2, 1996).

R. 412.  In response, Dr. Raimondo simply stated "diminished motivation, coping [with] physical pain."  *Id*.  The ALJ originally stated the following with respect to Dr. Raimondo's opinion:

> On November 1, 2010, Dr. Raimondo completed a treating source statement.  Dr. Raimondo wrote that the claimant has a depressed mood and anxious affect.  He said she is less interested in past activities.  He said the claimant's thought processes are clear, coherent and goal oriented.  He said the claimant is able to participate in a conversation without obvious distractibility.  Dr. Raimondo said the claimant's memory is intact.  He said that she is neat, clean and appropriately groomed.  *He concluded that the claimant has diminished motivation to sustain work on an eight hour a day, five days a week, basis.  Great weight is given to this opinion because it is consistent with the treatment records and because it is in agreement with the greater weight of the evidence.*

R. 17 (emphasis added).  In her first appeal, Claimant argued that the ALJ erred by assigning great weight to Dr. Raimondo's opinion, but not accounting for his opinion concerning her ability to completed a normal workday and workweek in her RFC determination.  *See* R. 596-97.  The Court agreed, finding:

> Here, in the 2010 opinion, Dr. Raimondo noted Plaintiff's depressed mood, anxious affect and loss of interest in past activities and offered an opinion that Plaintiff was unable to sustain employment due to "diminished motivation, coping [with] physical pain" (R. 412).  The ALJ, however, interpreted this statement as a finding that "the claimant has diminished motivation to sustain work on an eight hour a day, five days a week, basis" (R. 17), without mention of the reasons Dr. Raimondo felt Plaintiff lacked motivation- namely, her depression and her difficulties dealing with her chronic pain.  To the extent the ALJ appears to have interpreted the physician's statement as a finding that Plaintiff *could* work, if she only wanted to, the Court finds insufficient support for this interpretation.  While the Court is not a psychiatrist, it is general knowledge that lack of motivation or diminished interest in activities (both of which were noted to be present here) are common symptoms of depression.  The presence of these symptoms in a person diagnosed with major depressive disorder, generalized anxiety disorder, and PTSD, is not evidence of malingering, but, rather, a characteristic manifestation of the condition itself.  As the ALJ gave great weight to this finding, she necessarily credited Dr. Raimondo's ultimate conclusion that Plaintiff was unable to sustain full time work activity.  As this

conclusion is inconsistent with the ALJ's RFC finding, error is apparent.

R. 599. In light of the foregoing, the Court reversed and remanded the case for further proceedings so the ALJ could, among other things, reconsider the opinion evidence. R. 601-02.

The ALJ subsequently determined that Claimant was capable of performing light work as defined by 20 C.F.R. § 404.1567(b) prior to January 1, 2012, with the following limitations:

> She was able to occasionally lift and carry 20 pounds, and she was able to frequently lift and carry 10 pounds. She was able to stand or walk for about six hours and sit for up to six hours in an eight-hour workday with normal breaks. She was limited to no climbing of ladders, ropes or scaffolds. She was limited to occasional balancing, stooping, kneeling, crouching, crawling and climbing of ramps or stairs. *Work was limited to simple, routine and repetitive tasks performed in a work environment free of fast-paced production requirements involving only simple, work related decisions and routine workplace changes.*

R. 495 (emphasis added).[3] In reaching this RFC, the ALJ considered Dr. Raimondo's November 2010 opinion, stating:

> On November 1, 2010, Dr. Raimondo completed a treating source statement. Dr. Raimondo wrote that the claimant has a depressed mood and anxious affect. He said she is less interested in past activities. He said the claimant's thought processes are clear, coherent and goal oriented. He said the claimant is able to participate in a conversation without obvious distractibility. Dr. Raimondo said the claimant's memory is intact. He said that she is neat, clean and appropriately groomed. He concluded that the claimant has diminished motivation to sustain work eight hours a day, five days a week. *Significant weight is given to this opinion to the extent that the claimant has severe mental impairments causing moderate limitations prior to the established onset date, which is*

---

[3] Light work is defined as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." 20 C.F.R. § 404.1567(b).

> *consistent with the treatment records and in agreement with the*
> *greater weight of the evidence as discussed above herein.*

R. 498 (emphasis added).  Thus, the ALJ assigned significant weight to Dr. Raimondo's opinion

through January 1, 2012.  *Id.*  Claimant maintains that the ALJ failed to include or account for Dr.

Raimondo's opinion that she was unable to complete a normal workday or workweek in her RFC

determination.  Doc. 17 at 8-11.

     The ALJ erred with respect to Dr. Raimondo's opinion.  The ALJ found, as she did in her

previous decision, that Dr. Raimondo opined that "claimant has diminished motivation to sustain

work eight hours a day, five days a week," and assigned Dr. Raimondo's opinion significant weight

through January 1, 2012.  R. 17, 498.  The ALJ, however, again did not include or account for

Claimant's ability to complete a normal workday or workweek in her RFC determination.  *See* R.

14, 495.

     The ALJ is not required to include every limitation in a medical opinion into her RFC

determination simply because she assigned great or significant weight to that opinion.  *See, e.g.*,

20 C.F.R. §§ 404.1527(e)(2)(i); 416.927(e)(2)(i) ("Administrative law judges are not bound by

any findings made by State agency medical or psychological consultants[.]").  The ALJ, however,

is required to provide a reasoned explanation as to why she chose not to include particular

limitations in her RFC determination.  *See Winschel*, 631 F.3d at 1178-79; *see also Monte v.

Astrue*, Case No. 5:08-cv-101-Oc-GRJ, 2009 WL 210720, at *6-7 (M.D. Fla. Jan. 28, 2009) (An

"ALJ cannot reject portions of a medical opinion without providing an explanation for such a

decision.") (citing *Walker v. Bowen*, 826 F.2d 996, 1001 (11th Cir. 1987)).

     The ALJ – and the Commissioner – apparently interpret Dr. Raimondo's opinion as finding

that Plaintiff could work, if she wanted to work.  *See* R. 498; Doc. 18 at 9-10.  The Court previously

rejected this interpretation, R. 599, and there is nothing in the ALJ's present decision that warrants a different result.  The Mental Status Report asked:

> Is this individual capable of sustaining work activity for eight hours a day, five days a week?  If not, explain why using examples of behavioral objective data.

R. 412.  Dr. Raimondo did not provide a "yes" or "no" response, but, instead, stated "diminished motivation, coping [with] physical pain."  *Id*.  The fact Dr. Raimondo responded to this question strongly suggests that he believed Claimant was not able to complete a normal workday or workweek at the time he completed the Mental Status Report.  Thus, the most reasonable reading of Dr. Raimondo's otherwise unartful response indicates that he believed Claimant was not able to complete a normal workday or workweek due to her "diminished motivation, coping [with] physical pain."  The ALJ provides no explanation why she chose not to include or account for Dr. Raimondo's opinion in her RFC determination.  *See* R. 491-502.  Without any explanation for this action, the Court is unable to conduct a meaningful review of the ALJ's decision to not include or otherwise account for a limitation to which she otherwise gave significant weight.  Therefore, the undersigned finds the ALJ's decision is not supported by substantial evidence.[4]  Accordingly, it is **RECOMMENDED** that the Court accept Claimant's first assignment of error.

### B.  Dr. Weber.

Claimant argues the ALJ erred by failing to account for Dr. Weber's opinion that she is "moderately limited" in her ability to complete a normal workday and workweek, and unable to

---

[4] The undersigned recognizes Dr. Raimondo did not expressly state how many hours a day or days a week Claimant could work.  *See* R. 412.  The lack of specificity, however, does not overshadow the fact that Dr. Raimondo opined that Claimant could not complete a normal workday or workweek.  The ALJ did not reject this opinion on any basis, and did not account for it in her RFC determination.  *See* R. 491-502.  Therefore, the undersigned finds Dr. Raimondo's lack of specificity does not render the ALJ's error harmless.

concentrate "for extended periods." Doc. 17 at 10-11. The Commissioner essentially argues the ALJ properly considered and accounted for Dr. Weber's opinion. Doc. 18 at 10-11.

On August 6, 2010, Dr. Weber, a non-examining state mental health consultant, completed a Mental Residual Functional Capacity Assessment (the Assessment). R. 385-88. The Assessment is divided into three sections. R. 385-87. Under the first section (Section I), Dr. Weber indicated that Claimant is, in relevant part, "moderately limited" in her ability "to maintain attention and concentration for extended periods," and "to complete a normal workday and workweek without interruptions from psychologically based symptoms[.]" R. 385-86.[5] Under the third section (Section III), Dr. Weber opined that Claimant would be able to understand and remember simple instructions, complete simple tasks/work procedures, cooperate and be socially appropriate, and react/adapt to the work environment. R. 387. Dr. Weber also opined that Claimant would have difficulty with detailed instructions, maintaining attention and concentration for extended periods, and setting realistic goals. *Id.*

The ALJ considered Dr. Weber's Assessment in reaching her RFC determination, and assigned it "significant weight" through January 1, 2012. R. 498.[6] Claimant maintains the ALJ failed to include or account for Dr. Weber's opinion that she is "moderately limited" in her ability to complete a normal workday and workweek, and unable to concentrate "for extended periods." Doc. 17 at 10-11.

The ALJ did not err with respect to Dr. Weber's Assessment. The Eleventh Circuit was faced with a similar argument in *Jones v. Comm'r of Soc. Sec.*, 478 F. App'x 610 (11th Cir. 2012)

---

[5] Dr. Weber did not complete the second section of the Assessment. R. 386-87.

[6] The ALJ assigned the Assessment "little weight" after January 1, 2012, because it was inconsistent with her determination that Claimant became disabled as of January 1, 2012. R. 498.

(per curiam).[7]  In *Jones*, the claimant argued that the ALJ failed to account for the opinions of two

non-examining, consultative physicians who completed a Mental Residual Functional Capacity

Assessment and indicated, under Section I, that claimant was "moderately limited" in his "ability

to complete a normal workday and workweek without interruptions from psychologically based

symptoms and to perform at a consistent pace without an unreasonable number and length of rest

periods."  *Jones*, 478 F. App'x at 612.  The Eleventh Circuit disagreed, explaining:

> This argument is also unavailing because it does not consider "*all* of
> the relevant medical and other evidence" that was before the ALJ.
> 20 C.F.R. § 404.1545(a)(3) (emphasis added).  The Social Security
> Administration's Programs Operations Manual System (POMS)
> clarifies that the boxes checked by Dr. Zelenka and Dr. Bee are only
> part of a worksheet that "does not constitute the [doctors' actual]
> RFC assessment."  POMS DI § 24510.060(B)(2).  Checking the box
> "Moderately Limited" means only that the claimant's capacity is
> impaired; it does not indicate the degree and extent of the limitation.
> *See Id*. § 24510.063(B)(2).  After checking the boxes as an "aid," *Id*.
> § 24510.060(B)(2), a doctor is then required to detail his actual RFC
> assessment.  *See Id*. § 24510.060(B)(4).
>
> Consistent with these directives, both Dr. Zelenka and Dr. Bee, after
> checking the various boxes, elaborated on their opinions regarding
> Jones's ability to concentrate.  Dr. Zelenka explained that Jones has
> "occasional" problems with his attention span, but that he otherwise
> "retains adequate mental ability to carry out simple instr[uctions]
> and to relate adequately to others in a routine work setting."
> Similarly, Dr. Bee stated that Jones "may" have "occasional lapses
> in concentration and efficiency," but that he otherwise "appears
> mentally capable of well structured task activity."  These opinions
> tend to support the ALJ's finding.

*Id*.  Thus, checking a box in Section I of a Mental Residual Functional Capacity Assessment

indicating that claimant is moderately limited does not constitute the physician's actual RFC

assessment.  *Id*.  Instead, the findings in Section I are merely aids used by the physician to render

---

[7] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be
cited as persuasive authority."  11th Cir. R. 36-2.

his or her RFC determination in Section III of the Mental Residual Functional Capacity Assessment. *Id*; *Land v. Comm'r of Soc. Sec.*, 494 F. App'x 47, 49-50 (11th Cir. 2012) (per curiam) (stating that checking the box in Section I of a mental RFC assessment form does not indicate the degree and extent of the limitation, but rather is an aid before the doctor renders his or her RFC determination).  The undersigned finds *Jones* and *Land* persuasive.

In this case, as in *Jones* and *Land*, Dr. Weber checked boxes in Section I of the Assessment indicating that Claimant has moderate limitations in maintaining attention and concentration for extended periods and completing a normal workday and workweek.  R. 385-86.  These Section I findings were merely an aid intended to assist Dr. Weber in rendering her RFC determination, and not part of her RFC determination.  *Jones*, 478 F. App'x at 612; *Land*, 494 F. App'x at 49-50.  Therefore, the ALJ was under no obligation to include or account for Dr. Weber's Section I findings in her RFC determination.  *Id*.

Further, the ALJ's RFC determination is consistent with Dr. Weber's findings in Section III of the Assessment.  First, Dr. Weber did not opine in Section III that Claimant was unable to complete a normal workday and workweek.  *See* R. 387.  Therefore, the ALJ's RFC determination is not inconsistent with Dr. Weber's Assessment with respect to that particular limitation.  Second, the ALJ adequately accounted for Dr. Weber's opinion that Claimant would have difficulties maintaining attention and concentration for extended periods by limiting Claimant to simple, routine and repetitive tasks.  R. 387, 495; *see Jarrett v. Comm'r of Soc. Sec.*, 422 F. App'x 869, 872 (11th Cir. 2011).  Accordingly, it is **RECOMMENDED** that the Court reject Claimant's second assignment of error.

### C.  Remedy.

Claimant maintains she has suffered an injustice because the ALJ committed the same error twice.  Doc. 17 at 11-12 (citing *Walden*, 672 F.2d at 840).  Claimant maintains this case is analogous to *Weary v. Comm'r of Soc. Sec.*, Case No. 6:14-cv-1742-Orl-GJK, 2016 WL 1030800 (M.D. Fla. Mar. 15, 2016), which was remanded for an award of benefits. *Id*. at 12.  Thus, Claimant argues the Court should follow *Weary*, and remand this case for an award of benefits. *Id*.  The Commissioner does not challenge Claimant's assertion that she has suffered an injustice.  Doc. 18 at 12 n.2.  Instead, the Commissioner essentially argues that remand is not appropriate because the cumulative effect of the evidence does not establish disability beyond a doubt.  *Id*. (citing *Davis Shalala*, 985 F.2d 528, 534 (11th Cir. 1993)).

The Court may remand a social security disability case for an award of benefits where the Commissioner has already considered the essential evidence and it establishes disability beyond a doubt, *Davis*, 985 F.2d at 534, or where the claimant has suffered an injustice, *see Walden*, 672 F.2d at 840.  Claimant argues that she has suffered an injustice.  Doc. 17 at 11-12.  Therefore, the undersigned will consider whether Claimant has suffered an injustice.

Claimant has not, at this time, suffered an injustice.  The undersigned recognizes that the ALJ has committed the same error twice.  This is certainly troubling, but the undersigned is unaware of any authority that directs remand for an award of benefits based on that fact alone.  Claimant maintains that this case is analogous to the situation in *Weary*.  Doc. 17 at 12.  The undersigned, however, finds that *Weary* is distinguishable from this case.  In *Weary*, the Court initially remanded the Commissioner's decision so the ALJ could further consider whether claimant's noncompliance with her medications was based on financial difficulties.  *Weary*, 2016 WL 1030800, at *1.  The Appeals Council subsequently instructed the ALJ to further consider

claimant's credibility with respect to her noncompliance with medications and prescribed weight loss regimen, as well as her ability to afford her treatments. *Id*. Thereafter, the ALJ held two hearings and issued a partially favorable decision, finding claimant became disabled several years after her alleged onset date. *Id*. at *2. The claimant appealed, arguing that the ALJ failed to comply with the Court's and Appeals Council's remand orders, and erred in finding her subjective complaints not entirely credible. *Id*. at *1. The Court agreed, finding the ALJ failed to comply with the Court's and Appeals Council's remand orders, materially misstated the record in support of his credibility determination, and failed to comply with well-established law when considering claimant's noncompliance with medications and prescribed weight loss regimen. *Id*. at *2-7. In light of the history of the case, the ALJ's apparent ignorance of the Court's and Appeals Council's remand orders, and the ALJ's erroneous findings, the court found that claimant suffered an injustice and remanded for an award of benefits. *Id*. at *7. This case, like *Weary*, involves the commission of the same error twice. That, however, is where the similarities end. The ALJ did not hold multiple hearings after remand, did not necessarily ignore the Court's and Appeals Council's remand orders, and did not materially misstate the record. Therefore, in light of the differences between this case and *Weary*, the undersigned finds Claimant's reliance on *Weary* unavailing.

This case teeters on the precipice of constituting an injustice, but, after careful consideration, the undersigned is persuaded that the case should be reversed and remanded for further proceedings. The ALJ, on remand, will be required to consider and reweigh all of the medical and opinion evidence, including Dr. Raimondo's November 2010 opinion. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record). The ALJ should expressly consider Dr. Raimondo's opinion, including his opinion concerning

Claimant's ability to complete a normal workday and workweek, and provide specific reasons supporting the weight assigned to Dr. Raimondo's opinion.  If the ALJ is uncertain about the scope of Dr. Raimondo's opinion, then the ALJ should re-contact Dr. Raimondo so he may further explain his opinion.  *See* SSR 96-5p, 1996 WL 374183, at *2 (July 2, 1996); *Johnson v. Barnhart*, 138 F. App'x 186, 189 (11th Cir. 2005) ("Medical sources should be recontacted when the evidence received from that source is inadequate to determine whether the claimant is disabled."). Accordingly, it is **RECOMMENDED** that the Court reverse and remand this case for further proceedings.

IV.     <u>**CONCLUSION**</u>.

Accordingly, it is **RECOMMENDED** that the Court:

1. **REVERSE** and **REMAND** the final decision of the Commissioner for further proceedings; and

2. Direct the Clerk to enter judgment in favor of the Claimant and against the Commissioner, and to close the case.

<u>**NOTICE TO PARTIES**</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or

legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R.

3-1.

       Recommended in Orlando, Florida on December 28, 2016.

                                         DANIEL C. IRICK
                                         UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy